■ EDITH ADIN, Respondent, v CARLO PADULA, Respondent, and LEONARD HUTTON et al., Appellants.—Judgment, Supreme Court, New York County, entered December 6, 1978, awarding plaintiff $500,252 for personal injuries, reversed, on the law and on the facts, and a new trial ordered on the issue of damages only, with costs to abide the event, unless plaintiff, within 20 days after service upon her by defendant of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $350,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended, and reduced, is unanimously affirmed, without costs and without disbursements. We find that there was sufficient competent evidence to submit the issue of aggravation of a pre-existing emotional disorder to the jury, and that the court gave proper limiting instructions. We find, however, that the verdict was excessive to the extent indicated. Concur—Kupferman, J. P., Birns, Fein and Sullivan, JJ.

Sandler, J., dissents in part in a memorandum, as follows: I would not disturb the jury's verdict with regard to damages. It is true that the verdict returned would not be justified by plaintiff's physical injuries alone, although these were very severe, accompanied by significant pain, and required recurrent hospitalization and ongoing medical attention. However, in addition to the physical injuries, the jury could reasonably conclude from the virtually uncontradicted testimony of plaintiff's expert witnesses that she suffered, also, as a result of the accident, a major personality change marked by severe depression, which significantly impaired her capacity to enjoy life and was likely to do so for the rest of her life. It is not easy to evaluate in monetary terms so devastating an injury, but I am persuaded that this record does not support the court's conclusion that the award of damages was clearly excessive. My judgment is confirmed by the fact that a motion addressed to damages was promptly denied by an exceptionally able and experienced Trial Judge who had the opportunity, particularly important with regard to the injury claimed, to observe the plaintiff during the course of the trial.